# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARTHA GARAVITO, | CASE NO. 08-CV-2215-H (AJB) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AS AGAINST DEFENDANT GE MONEY BANK** |
| vs. | |
| GE Money Bank; Integrity Premier Real Estate; Saxon Mortgage Services, Inc.; Resurgent Capital Services; and all other claimants of whatsoever kind and character against real property commonly described as 1610 Greenfield Court, Chula Vista, CA 91913; APN 642-601-20-00; and DOES 1 through 100, inclusive, | |
| Defendants. | |

On January 19, 2010, Defendant GE Money Bank, FSB ("GEMB") filed a motion to dismiss or, alternatively, to strike, Plaintiff's Second Amended Complaint. (Doc. No. 49.) Plaintiff filed her response in opposition to the motion on February 18, 2010.[1] (Doc. No. 51.) On February 24, 2010, the Court extended the deadline for Defendant GEMB to file its reply, determined this matter to be appropriate for resolution without oral argument, and submitted it on the parties' papers. (Doc. No. 52.) On February 24, 2010, Defendant GEMB filed its reply in support of its motion to dismiss. (Doc. No. 53.) For the following reasons, the Court GRANTS GEMB's motion.

---

[1] Plaintiff's opposition was due on or before February 15, 2010. CivLR 7.1(e)(2).

## **Background**

On or about January 24, 2007, Plaintiff Martha Garavito purchased a residence located at 1610 Greenfield Court, Chula Vista, California (the "Property"). The purchase of the Property was financed by GEMB with two loans, the first in the amount of $504,000.00 secured by a first trust deed, and the second for $126,000.00 secured by a second trust deed. (Doc. No. 32, SAC ¶¶ 1,2,3,4,5,16; Doc. No. 5-2, Ex. A-D.) As of April 23, 2008, Plaintiff was in arrears by at least $13,767.68 on the $504,000.00 loan secured by the first trust deed and a Notice of Default was recorded by Defendant Saxon Mortgage Services, Inc. ("Saxon"). ( Doc. No. 5-2, Ex. E.) Plaintiff commenced this action on December 1, 2008, alleging causes of action for violations of the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), California Civil Code § 1632, negligent misrepresentation, rescission, unjust enrichment and quiet title. (Doc. No. 1.) On February 26, 2009, the Court dismissed Plaintiff's causes of action for violations of RESPA, TILA, California Civil Code § 1632, negligent misrepresentation and rescission. (Doc. No. 13.) On March 27, 2009, Plaintiff filed her First Amended Complaint ("FAC"). (Doc. No. 15.) On June 4, 2009, the Court dismissed Plaintiff's FAC without prejudice, and instructed Plaintiff that if she wished to request rescission, Plaintiff would have to submit proof of her ability to tender or provide authority for her argument that she has fulfilled this requirement by sending a notice of rescission and quit claim deed to Defendant Saxon on November 19, 2008. (Doc. No. 29.)

On July 6, 2009, Plaintiff filed her Second Amended Complaint ("SAC"). (Doc. No. 32.) The SAC alleges nine causes of action: (1) violation of RESPA against Defendants Saxon and Resurgent Capital Services ("Resurgent"); (2) violation of TILA against all Defendants; (3) violation of California Civil Code § 1632 against Defendants Integrity Premier Real Estate ("IPRE") and GEMB; (4) violation of Business and Professions Code § 17200 against all Defendants; (5) negligent misrepresentation against Defendants GEMB, IPRE and Resurgent; (6) fraud against all Defendants; (7) rescission against all Defendants; (8) quasi-contract against all Defendants; and (9) determination of validity of lien against all Defendants. (SAC.) The SAC alleges that, prior to the funding of the loan, Defendant GEMB and/or Defendant

IPRE represented to Plaintiff that she was eligible for very favorable loan terms. (SAC ¶ 17.) These representations allegedly convinced Plaintiff to take on the Loan. (Id.) The Complaint alleges that these Defendants "intended that Plaintiff receive a worse loan" yielding a higher commission for Defendants. (Id.) Specifically, Plaintiff alleges that Defendants GEMB, IPRE, "and other persons" made misrepresentations concerning: the interest rate of the Loan, the payment amount, the amount of equity in the Property, the amount of money available to Plaintiff, and whether Plaintiff could afford the Loan. (SAC ¶ 18.) Plaintiff further alleges that Defendants failed to provide her with certain disclosures required under federal and state law, including a proper notice of her right to cancel at the time of the transaction or subsequently and accurate disclosures of the financing cost, annual percentage rate, payment obligations, and type of loan. (SAC ¶ 19.) Additionally, the SAC states that Plaintiff is a native Spanish speaker and that the loan negotiations were conducted primarily in Spanish, though no documents or disclosures were provided to Plaintiff in Spanish prior to the transaction. (SAC ¶¶ 21, 52.) On January 19, 2010, GEMB moved to dismiss or, alternatively, to strike, the SAC for failure to state a claim. (Doc. No. 49.)

## Discussion

**I. Motion to Dismiss - Legal Standard**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement

1  to relief' requires more than labels and conclusions, and a formulaic recitation of the elements
2  of a cause of action will not do." Id. A complaint does not "suffice if it tenders 'naked
3  assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949
4  (2009) (quoting id. at 557). "Factual allegations must be enough to raise a right to relief above
5  the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal
6  Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact
7  are taken as true and construed in the light most favorable to plaintiff.  However, conclusory
8  allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for
9  failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see
10 also Twombly, 550 U.S. at 555.

11         "Generally, a district court may not consider any material beyond the pleadings in ruling
12 on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542,
13 1555 n.19 (9th Cir.1990). The court may, however, consider the contents of documents
14 specifically referred to and incorporated into the complaint. Branch v. Tunnell, 14 F.3d 449,
15 454 (9th Cir.1994). The court may also consider evidence on which the complaint "necessarily
16 relies" as long as: (1) the complaint refers to the document; (2) the document is central to the
17 plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the
18 12(b)(6) motion. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).

19 **II. TILA Violation**

20         Plaintiff alleges that "Defendants violated 15 U.S.C. §1635(a) and Regulation Z
21 §226.23(b) with regards to the purported Notice of Right to Cancel." (SAC ¶ 47.) Plaintiff
22 also claims that GEMB violated TILA by failing to disclose the interest rate on the note or
23 deliver an accurate TILA statement. (SAC ¶48.) Based upon these purported violations,
24 Plaintiff alleges that she is entitled to recover damages. (SAC ¶ 49.)

25         The Court had previously dismissed Plaintiff's claim with prejudice after concluding
26 that Plaintiff's purchase money loan was exempt from the disclosure mandate. (Doc. No. 13.)
27 Plaintiff now appears to allege that her loans were used to refinance the property. (SAC ¶ 17.)
28 This allegation is contradicted by exhibits submitted by Defendant: the relevant grant deed,

1 rate note and deed of trust demonstrate that Plaintiff's loan was a purchase money loan. (Doc.
2 No. 5-2, Ex. A, B, C.) Additionally, even if Plaintiff could properly allege a TILA violation
3 claim, her claim for damages is barred by the one-year statute of limitations. See 15 U.S.C.
4 § 1640(e). Accordingly, the Court GRANTS GEMB's motion to dismiss Plaintiff's claim for
5 violation of TILA.

**III.  Violation of California Civil Code § 1632 et seq.**

Plaintiff alleges that Spanish is her native language, that the loan negotiations were carried out primarily in Spanish, and that GEMB failed to provide her with Spanish language documents in violation of California Civil Code § 1632. (SAC ¶ 52.) California Civil Code § 1632 requires a translation of a contract or agreement in the language in which the contract was negotiated be provided for a "loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240)." Cal. Civ. Code § 1632(b)(4). Section 10204, in turn, applies to certain real estate loans secured by real property that are negotiated exclusively by a real estate broker. Cal. Bus. & Prof. Code § 10204. The Court has previously concluded that Plaintiff failed to state a claim for violation of section 1632 against Defendant GEMB, because Plaintiff did not allege that GEMB actually negotiated Plaintiff's loan or that GEMB acted as Plaintiff's broker. (Doc. No. 29.) The SAC alleges that Defendant IPRE was the broker, and GEMB was the originating lender. (SAC ¶¶ 2, 3.) In her opposition to Defendant's motion to dismiss, Plaintiff argues that the alleged failure to provide Spanish translation of the loan documents applies equally to GEMB and IPRE. (Doc. No. 51 at 6-7.) Plaintiff fails to provide any legal support for this proposition. Accordingly, the Court GRANTS GEMB's motion to dismiss Plaintiff's claim for violation of California Civil Code § 1632.

**IV.  Fraud and Negligent Misrepresentation**

Plaintiff's fifth and sixth causes of action are for negligent misrepresentation and fraud. (SAC ¶¶ 60-66; 67-94.) Under California law, the elements of fraud are "false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." Moore v.

Brewster, 96 F.3d 1240, 1245 (9th Cir.1996) (quotations omitted).  Under Federal Rule of Civil Procedure 9, a Plaintiff must plead fraud with particularity.  "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)).  "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" Id. at 1106 (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir.1994)).  "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Further, Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants. Id.

The elements of a negligent misrepresentation claim are: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc., 89 Cal. Rptr. 3d 473, 483 (Ct. App. 2009) (citation omitted). "Each element in a cause of action for fraud or negligent misrepresentation must be factually and specifically alleged." Cadlo v. Owens-Illinois, Inc., 23 Cal. Rptr. 3d 1, 5 (Ct. App. 2004). Plaintiff alleges that "[p]rior to the funding of the LOANS, IPRE and/or GEMB represented to Plaintiff that very favorable loans, loan terms and interest rates were available to her." (SAC ¶ 17.)  Plaintiff then alleges that the representations were false as the "LOANS were not as represented . . ." (SAC ¶ 18.)  Plaintiff also alleges that "Defendants IPRE, GEMB, Saxon, Resurgent and other Defendants made various false misrepresentations to Plaintiff regarding the LOANS and induced Plaintiff to enter into the LOANS." (SAC ¶ 68.)

The Court concludes that Plaintiff fails to establish the elements of fraud or negligent misrepresentation.  The alleged misrepresentation consists of the "naked assertion" that

Plaintiff was promised a "favorable" loan and that she did not get one. Such allegations "do not permit the court to infer more than the mere possibility of misconduct," and are insufficient to give Defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Iqbal, 129 S. Ct. at 1949-50. Accordingly, the Court GRANTS GEMB's motion to dismiss Plaintiff's claims for negligent misrepresentation and fraud.

**V. Rescission**

Plaintiff's seventh cause of action is for rescission. (SAC ¶¶ 95-101.) Plaintiff contends that she is entitled to rescission because "the note and contract were defectively and/or fraudulently consummated." (SAC ¶ 96.) Plaintiff also alleges a right to rescind based on GEMB's failure to deliver a notice of right to cancel in violation of TILA. (SAC ¶ 98.) Plaintiff alleges that she "is prepared to restore to defendants everything of value which she has received from Defendants." (Id. ¶ 100.)

To the extent Plaintiff based her claim for rescission on alleged fraud or TILA violations, rescission is not available to Plaintiff as the Court dismissed those claims. Additionally, under California Civil Code section 1691, a request for rescission requires the rescinding party to "[r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise." Cal. Civ. Code § 1691. Despite the Court's June 4, 2009 Order instructing Plaintiff that in order to allege claims providing for rescission and request such relief, Plaintiff would have to submit proof of her ability to tender, Plaintiff has to date failed to demonstrate how she is in a position to tender the over $600,000.00 loan made by GEMB should rescission be granted. Instead, Plaintiff's response in opposition to Defendant's motion to dismiss argues that the only thing "of value" Plaintiff received under the loan agreement was the Subject Property itself, and thus she should be able to rescind by simply delivering a quit claim deed to Defendants. (Doc. No. 51 at 4-5.) Plaintiff argues that because the loan funds were disbursed directly from the lender to the escrow holder, and were never deposited into Plaintiff's bank account, the deed to the property was "everything of value" Plaintiff received as a result of her loan transaction. (Id.)

1   In its reply, GEMB points out that the property was not conveyed to Plaintiff under the
2  loan agreement, rather, she received cash and executed a promissory note to pay that cash
3  back. (Doc. No. 53 at 3.) Thus, the fact that Plaintiff agreed that the cash could be wired by
4  GEMB directly into escrow to be held in trust and not disbursed until closing rather than
5  having the cash flow through her personal bank account does not mean that she did not receive
6  the cash. (Id.) The Court agrees. Plaintiff does not provide any authority for the proposition
7  that tendering real property is sufficient for purposes of rescission of her loan. Additionally,
8  Plaintiff has failed to submit proof of her ability to tender as required by this Court's Order.
9  (See Doc. No. 29.) The Court concludes that Plaintiff's cause of action for rescission fails to
10 state a claim, and GRANTS GEMB's motion to dismiss this claim.

11 **VI. Quasi-Contract**

12   Plaintiff's eighth cause of action is for quasi-contract. (SAC ¶¶ 102-109.) Plaintiff
13 alleges that either a contractual relationship exists between Plaintiff and Saxon and Defendant
14 Resurgent or a quasi-contract exists by virtue of the fact that Saxon and Resurgent have
15 demanded payments from Plaintiff for monies due under the notes GEMB originated. (Id. ¶¶
16 103-104.) Plaintiff alleges that all Defendants "received benefits from Plaintiff in the form of
17 commissions, rebates, portions of payment streams, fees, charges or other compensation
18 deriving from the original defective loan documents." (Id. ¶ 105.) Defendant's motion to
19 dismiss points out that this cause of action "has nothing to do with GEMB." (Doc. No. 49-1
20 at 14.) In her opposition to the motion to dismiss, Plaintiff contends that she has stated a claim
21 for unjust enrichment, because GEMB "may have received a benefit, such as commission, fees,
22 proceeds and charges." (Doc. No. 51 at 9.)

23   Plaintiff's claim for quasi-contract is really a claim for unjust enrichment. Supervalu,
24 Inc. v. Wexford Underwriting Managers, Inc., 175 Cal. App. 4th 64, 78 (Ct. App. 2009) ("If
25 an entity obtains a benefit that it is not entitled to retain, the entity is unjustly enriched. The
26 aggrieved party is entitled to restitution, which is synonymous with quasi-contractual
27 recovery.") A claim for unjust enrichment requires pleading "the receipt of a benefit and the
28 unjust retention of the benefit at the expense of another." Lectrodryer v. SeoulBank, 77 Cal.

App. 4th 723, 726 (Ct. App. 2000). "The mere fact that a person benefits another is not in itself sufficient to require the other to make restitution therefor." <u>Dinosaur Development, Inc. v. White</u>, 216 Cal. App. 3d 1310, 1315 (Ct. App. 1989). Here, Plaintiff's SAC fails to allege sufficient facts to state a claim for unjust enrichment against GEMB. In any case, because this cause of action necessarily depends on dismissed claims, the Court similarly dismisses Plaintiff's eighth cause of action.

**VII. Validity of Lien**

Plaintiff's ninth cause of action seeks to determine the "validity of lien." (SAC ¶¶ 110-114.) Plaintiff seeks a determination that the lien is void *ab initio*. (<u>Id.</u> ¶ 112.) Plaintiff alleges that "[b]ecause of the wrongful acts alleged herein, Defendants, and each of them, have forfeited any and all interest in the Subject Property." (<u>Id.</u> ¶ 114.) Defendant GEMB's motion to dismiss argues that this cause of action is a quiet title count by another name, because the relief Plaintiff seeks–a declaration that the deeds of trust securing the purchase money loans made by GEMB to Plaintiff are void–is no different than the object of a quiet title cause of action Plaintiff asserted in the first amended complaint. (Doc. No. 49-1 at 14.) To state a claim to quiet title, a complaint must be verified and include (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis for the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Civ. Proc. Code § 761.020. Plaintiff's SAC is not verified and does not identify the date as of which the determination is sought. Additionally, Plaintiff failed to sufficiently allege any "wrongful acts" by Defendant GEMB, and Plaintiff's argument that Defendants have forfeited their interest in the Property is expressly based on Plaintiff's other claims already dismissed by the Court. Accordingly, the Court dismisses Plaintiff's ninth cause of action.

**Conclusion**

For the reasons set forth above, the Court GRANTS Defendant GEMB's motion and dismisses the Second Amended Complaint as against Defendant GEMB with prejudice. The

1  Court denies leave to amend because amendment would be futile, as the defects in the pleading
2  cannot "possibly be cured by the allegation of other facts." <u>Lopez v. Smith</u>, 203 F.3d 1122,
3  1127 (9th Cir.2000) (en banc).
4  **IT IS SO ORDERED.**
5  DATED: March 2, 2010

*/s/ Marilyn L. Huff*

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT